Good morning. Christopher Sander on behalf of the petitioner Sylvia Tapia Coria. The question presented is whether Nasrallah has overruled the on-demand exemption of the Pentecost case. The government is fundamentally misreading the 1252A2C criminal alien bar. That only and clearly, and Nasrallah makes this emphatically clear, applies to orders of removal and to nothing else. Relief is never implicated. Relief, if it's going to be barred, is under 1252A2B. I'd like to cover four points today that the Pentecost on-demand exception is correct and consistent with Nasrallah, that the statutory structure of 1252A2 clearly permits review of relief decisions, unless it's precluded under subsection B, that Nasrallah is consistent with Pentecost, and that judicial review is permitted for Ms. Tapia, because the C4B bar does not apply. Pentecost, in my opinion, got something right and something wrong. Pentecost said that there was jurisdiction to review relief. The C bar does not impact judicial review of relief, so it's the right decision, I think, for the wrong reason. If relief was going to be precluded, it needed to be precluded under 1252A2B. The criminal bar only applies to, quote, any final order of removal by reason of having committed an enumerated criminal offense. And this is repeated repeatedly in Nasrallah, where Judge Kavanaugh makes clear that we're only looking at orders of removal when we're looking at 1252A2C. And this is completely consistent with the way immigration proceedings occur in court. It's basically a bifurcated proceeding. An immigration judge, first of all, will look at issues of removability and enter an order of removal. Then and only then will a judge consider relief. It's a separate proceeding. It's bifurcated. So, excuse me, Nasrallah also refers to orders that merge into a final order of removal. What sort of orders merge into a final order of removal? Perhaps motions to terminate, other factual issues that might be raised. I could speculate. I don't know. But orders of removal is specifically defined as something that deals with removability. That's a legal charge. There's factual allegations in the notice to appear. They have to be sustained by the judge, and an order of removability entered, an order of removal. Why doesn't relief from removal disturb the final order of removal or affect its validity? That was the terminology that the court used. But if you look at it backwards, you never get to relief if there's not an order of removal. Well, a final order of removal happens after the BIA, you know, after either time has passed or the BIA affirms the IJ. So, you have the IJ's order of removal, and it's final when the BIA decides relief. If relief is given, then it's not a final order of removal. The final order of removal is the BIA's determination. Correct. And I'm not quite sure I understand the question, but of course, relief wouldn't be granted either at that point. So, the BIA made a final decision on the merits. Right. So, if there's a challenge to the BIA's decision, why doesn't that cast doubt on the validity of the final order of removal, which is what Nasrallah said was central. So, anything that casts doubt on the final order of removal or disturbs it merges into the final order of removal, and we could review it on appeal. That seemed to be what Nasrallah was saying. So, explain why relief or removal wouldn't merge. Well, I think that's my point, that relief for removal never merges into the order of removal. They're two separate things. It's an apple and an orange. They never merge together. Right. But the challenge to it, in other words, every decision that the district court makes on the way to making a final judgment merges into that judgment, and we can review it. Here, all of the decisions that the BIA made denying relief for removal or affirming the IJ's denial of relief for removal would merge into the final order of removal, and we could review it. That seems to be the way that the Supreme Court was addressing it. I read it differently. I mean, if you look at the final conclusion in Nasrallah, it states, in cases where a non-citizen has committed a crime specified under AUSC 1252 A2C, it says A2C and D preclude judicial review of the non-citizen's factual challenges to what? A final order of removal, not to relief. It doesn't mention relief. Or any order that merges in there. So, our task is to determine what merges into the question. Well, under the circumstances of Nasrallah, it was particularly clear, because under Nasrallah, it's a deferral or withholding of a removal order. So, obviously, it's clear in the statute that an order is entered, and then it's deferred or withheld. It's not executed. So, I think that was the easiest case to see that relief and an order are two separate things, very completely. But that same logic carries through to all immigration court proceedings. They're bifurcated. There's two separate proceedings. And I think that's why the statute is broken out with 252 A2B. And it's very specific as to the forms of relief that are precluded review. Under B1, they're enumerated there. Under B2, they talk about Chapter 5, which goes through most of the Immigration Nationality Act, but incorporates things like asylum, adjustment of status, naturalization, as far as any discretionary determination as those forms of relief. If you read C as always being deployed against review, then there's no reason to have B in the statute. If C is going to bar judicial review, then why do purely discretionary types of decisions? So, that has independent coverage. Right. Absolutely. Subsection B deals with discretion. And those would be, obviously, could be denied under B. That's a separate issue. But I think what the government wants to do, and it did it in Nasrallah, they tried to conflate the order of removal and relief. And that's what they said is, we can use subsection B, 1252 A2, excuse me, C, to bar judicial review, because the criminal alien bar applies, so you never get to relief. I think that's a fundamental misreading of how the statute is constructed, and what the Supreme Court just said in Nasrallah, which, again, this... So, in Nasrallah, the Supreme Court said the CAT claim didn't merge into the final order of removal, because the final order of removal exists and is issued, even if CAT relief is given, because CAT is a separate regulatory relief. So, the question is, if asylum relief is given, or if withholding relief is given under the statute, would you have a final order of removal coexisting with asylum relief? Or does the asylum relief mean that there's never a final order of removal? There's a final order of removal that remains un-executed. It exists... So, it's not final, then? Excuse me? So, it's not final, then? Because once the BIA affirms the IJA's order of removal, that's a final order of removal. So, does that final order of removal coexist with the asylum relief, the same way the final order of removal exists with the CAT relief? I think that's one way of putting it. Yes, they do exist independently of each other. It's, again, it's bifurcated, but at the same time, both can be barred separately, 252A, 252B, or C. I think the validity of the final order of removal is never going to depend on the merits of a relief application. And I think that's something to bear in mind. It seems like a sweeping argument, we have jurisdiction over final orders of removal. Within that, we get to review whether somebody was, they were seeking relief from removal. Relief from removal prevents the operation of the final order of removal. So, the argument you're making seems to me would undercut massive amounts of our case law. The narrower question to me here is the particular type of relief your client was seeking, which was this, you know, stay, a deferral, a stay or a remand to get a U visa. That's the only thing you preserved in your petition. Is that, does that merge into a final order of removal? So, what's your answer on that? I think the answer is no. You'd have to, if it's precluded, judicial review is precluded, you'd have to look at 1252A, 2B, one or two. But why does this not merge into the final order of removal? Because it seems to me you're trying to essentially forestall the final order removal through the U visa process. Correct. But just because there's a final order, I'm not challenging the final order of removal. If I were, I think you could argue that 1252A, 2C applies. But aren't you asking the client not to be ordered removed? I mean, there is, you're asking for relief from that order. That's correct. And I think you analyze that under 1252A, 2B, one and two, really what we have is a motion for admin closure and a motion for remand. And if judicial review is precluded, you have to look to 1252A, 2B. Neither one of those motions is enumerated there. Motion to admin close is, it's basically a judicial construct. It's a matter of appetition. And they look at their inherent authority for the regulations to control their docket. So, it's not discretionary. It's not enumerated under B. So, your position essentially is any relief from removal does not fall under C. Correct. That's correct. And I think the government in Nasrallah, when they framed the question, if you look at it, they tried to put that together and say, hey, this is the same thing. And the Supreme Court was very clear saying, these are two separate things. This is not the same thing. They try to seize on that language that, and I think I quoted it, but that all matters on which the validity of the final order is contingent. Relief has nothing to do with the validity of the final order of removal. It has nothing to do with it. But a remand order, if it were granted, would reopen the proceedings before the IJ and the final order of removal never issue. So, that seems a pretty clear case where a success on a remand order does disturb a final order of removal. Well, it would have to be, what we're saying is the judge never considered the administrative closure because it didn't exist at the time. Cruz Valdez wasn't in effect. It came out after, went up on appeal, and that's why prior counsel filed those motions. So, can a case be administratively closed after an order of removal? I don't think there's anything barring that. Normally, that's not done that way. But that wasn't the case here. Here, the administrative closure would have prevented the final order of removal from being issued, right? Because your client wanted to keep things in suspense. So, there would have been a final order of removal. Right. And I mean, in immigration cases- But that disturbs the final order of removal, right? I mean, that's exactly the answer I was talking about. It prevents- Well, I'm like, I'm sorry. I apologize. I might agree with that because it's very common to have an immigration judge enter an order of removal, and then the case is continued for relief. And cases are administratively closed at that point very often because of a U visa, because of an I-360 or VAWA petition, or prosecutorial discretion. Orders of removal are, quote, entered and not challenged, and then the cases are closed for all sorts of purposes. Right, but the case is not closed. You're seeking review. I mean, the BIA issued a final order of removal through its denial of relief, what your argument is. Do you want to undo that? Yes, I do, of course. I'd like the case to be remanded for consideration of administrative closure. That's correct. So, I think the court does have jurisdiction to review Ms. Tapia's case for the reasons that I've already argued, that the 1252A2C does not come into play because we're not challenging an order of removal. 1252A2B does not come into play because we're not challenging the relief that's enumerated under that subsection. We're asking for administrative closure and remand. None of those forms of relief are listed under the bars, under C or B, and the petitioner has very strong equities. Do you maintain you fall under D for questions of law? I think there's some argument that there could be some arguments made under D. We didn't specifically make them under D. We didn't mention D, but we didn't go into great detail in our brief. I mean, you didn't, right? So, what you seem to be saying is we're not in B, and we're not in C because it's not a final order of removal. So, we're just in an area that Black statutes, essentially. Yeah, it's an interesting petition because I'm not challenging things that are usually challenged, which is order removal or an application for relief like the previous case. Well, we have some of these outside of that, and I think that looking at those jurisdictional bars, none of them apply to this particular petitioner, and she does have very strong equities, 40 years of residence in this country, 30 years as a lawful permanent resident, four U.S. citizen children. She has a new visa pending, which quite honestly is very close to adjudication because she's derivative on the husband's case, which has been filed since 2018. Those petitions are being granted right now by USCIS, and the only negative fact was a 24-year-old conviction, which likely, given the passage of time rehabilitation and strong equities, would be waived by USCIS. Waiver is available for her. The type of conviction, a drug conviction, is no impediment to the granting that waiver. Let's imagine you just never come here, and your client had a final order of removal from the BIA, and you decided not to appeal, and then you realize, oh, she may have U visa relief, and you go and pursue that, and you get what you then do. Do you go back to the IJ and say, vacate this final order of removal? Yes. Oftentimes, the USCIS process takes place outside of the jurisdiction of the court, so normally we would wait until the green card is granted at that point because the government sometimes argues it's still speculative whether or not they're going to be granted the green card even after U visa status is granted. They have to hold the U visa status for three years before they can apply for the green card, which is about another year. But at that point, yes, you're correct. We would go back and ask that it be vacated. It's also a very strange situation where you have a final order of removal, and yet relief is granted. I think that also drives home my point that relief exists as a separate thing to an order of removal. This is a good example of that happening or potentially happening, and I think that is respected in the case law and the this is something perhaps it's more of a difficult argument to make or more based on the case law that's been out there, but I believe that's the correct argument. If there are no further questions, if I have any time left, I'll reserve it. You're actually a minute 45 over, but I will... Okay, I'm sorry. That's quite right. I'll give you a couple of minutes for rebuttal. Okay. Good morning, your honors. May it please the court in all use for the attorney general. The court should dismiss the petition for review here based on the bar at 8 U.S.C. 1252-82C is applicable here in light of the petitioner's conviction for a controlled substance offense. And to just jump into the conversation that was had earlier during my colleague's time, the Nasrallah decision does make clear that a final order of removal includes all matters upon which its validity is contingent. And here, for example, the matters at issue being the motion for remand and motion for administrative closure, those two types of motions would in fact, at using Nasrallah's language, merge into the final order of removal and therefore be similarly, would not be subject to review in light of the so-called criminal bar at 8 U.S.C. 1252-82C. So I think based off of what Dr. Koot is phrasing in terms of what impacts, if something impacts the validity of the final order of removal, it is no longer subject to the Nasrallah's holding as to what constitutes a final order of removal. And if someone is subject to removal based on certain criminal offenses, then there is no jurisdiction for factual challenges related by that non-citizen. I think that's applicable here. And that's why, similar to my colleagues in earlier cases, this argument that on the merits exception is clearly irreconcilable with the determination, with the Nasrallah decision, because it created a carve-out and essentially limited the reach of the criminal alien bar by saying that you can't reach certain factual challenges if it's not addressed, if the conviction is not the basis for the denial. I think Nasrallah makes clear that there is no jurisdiction to review any factual challenges for anything that falls within that final order removal, such as the petitioner's claim here. All right. Is asylum and withholding different? Opposing counsel says relief from removal can coexist with the final order of removal. So they don't need to cast doubt on the validity of the final order of removal. Do you agree with that? No, I believe that's wrong, Your Honor, because if there was a grant of asylum, there would no longer be an order of removal. This case, the petition would not be before this it has to be a final order of removal. Someone who's granted asylum, the grant of asylum would essentially result in the termination of the order of removal. For example, if the board overturns an IJ's decision and grants asylum, that board decision would not be a final order of removal because there is nothing for this court to review, and there's nothing that the court can review. So a CAT order is different in your view? And that's exactly what the court in Nasrallah was stressing, that we are treating these in its analysis and coming to the conclusion that a CAT order is separate from an order of removal in the fact that it does not affect the validity of the final order, that you could have a CAT order coexisting with the final order of removal because of the unique statutory scheme revolving around CAT orders, that since based on that, a CAT claim does not affect the validity, the CAT order does not affect the validity of the final order of removal. And the CAT claim is essentially what it says because someone who's granted CAT is basically being told, the government is told you cannot return this person to say this designated country. This person still has an order of removal, but based off of the CAT determination, they cannot be sent back to the designated country. So that's kind of the analysis that Nasrallah court took where it said that the CAT order does not merge into the final order because it does not affect that validity of that final order. Unlike for example, the grant of asylum or unlike here, the grant of a motion to remand to await adjudication of a U visa petition. If the board were to have agreed with the petitioner's essentially to hold the case, I guess for additional continuances, based off of that ruling, the petition for review would no longer be final and we would not have a final order of removal over which this court could review. What if there was a motion to remand to consider CAT relief? How would we analyze that? I'm not sure, Your Honor, if Nasrallah court addressed that, but that might be a unique, a different situation in that I believe that, and actually I think I'm handling a case in a separate circuit where there has been situations where asylum was denied, but CAT order was sent back to the IJ for reconsideration. And I think that issue is still pending in my other case, but I'm not sure if that would impact the, I think there might be a situation where since it is separate to the final order that a motion to remand connected to that CAT order may be subject to review separate from the criminal alien bar, but I'm not sure, Your Honor, I have not considered that issue closely. Is there anything, so Nasrallah put CAT on a different side. Is there anything else that you're aware of that falls on that side where it's not part of the final order of removal? Because it seems like what you're arguing is most things are part of the final of removal. There are some things that are unique that are not, the Supreme Court said CAT is one of them. Is there anything else that you're aware of that's like that? I'm not sure, Your Honor. I think with the context that kind of the focus where I was looking at was the question you always ask, does this affect the validity of the final order? And kind of going through it and kind of just based on my experience in terms of handling immigration cases, you kind of think of cancellation of removal, that affects it. Or say, example, motions to reopen, motions to remand, all of these things have an impact separate to a CAT order. I'm not sure if there is anything else. And I think the Supreme Court is probably recognizing the uniqueness of that. Some of those may be covered by B, right? They may be purely discretionary. And that's true. The cancellation of removal would be covered by that. But also, I guess, as an individual who's been convicted of aggravated felony seeking cancellation of removal, the jurisdiction would be possibly impacted by A to C. But I think normally that would be handled under B. That's correct, Your Honor. What about withholding of removal? I believe that would impact the effective validity of the final order based off of if the immigration judge granted a withholding of removal, it's likely there is no appeal to the board and there is no final order before this court. So when there's an order of removal, there's a designation typically of the country to which the person has to be removed. If CAT relief is granted, what happens to the order of removal? Does it have to be modified? The Supreme Court was saying that CAT relief wouldn't affect the final order of removal. But if the person can't be removed to the designated country, is there a process or procedure to address that? I mean, does that mean removal remains in place? It just can't be sent to that particular country? The order of removal simply remains unexecuted. But I believe in, for example, most situations that if a third country that's not the country designated in that order of removal, then the petitioner could possibly be removed to a third country and then the removal order would actually, in fact, be executed. But otherwise, it would just remain an order of removal that's unexecuted based off of the grant of the CAT request. If, just to reiterate, the on-the-merits exception here is no longer, can no longer stand in light of NESTROLA. The on-the-merits exception, as I stated earlier, limits the reach of the jurisdictional bar 8 U.S.C. 1252 C. And the Supreme Court made clear that there is no offenses that's covered under 8 U.S.C. 1252 C. And therefore, that is why Pachenkov is, and the subsequent cases, including a case like Garcia v. Lynch that we cite in our brief relating to procedural motions, can no longer stand in light of the NESTROLA decision, which encompasses any, which made clear that all matters upon which the final order of removal, the validity of the final order of removal is contingent, is not subject to review under 8 U.S.C. 1252 C. Because that applies here, that this court should dismiss the petition for review as to the petitioner's motion to remand and motion for administrative closure. If there are no further questions, Your Honor, I will stand on the briefs relating to the alternative arguments. All right, thank you. Thank you. Mr. Sander? I'm sorry. Well, I think what this comes down to is what impacts the validity of a final order of removal. And just to reiterate, relief never impacts the validity. And I think the key on the word validity is important here, because relief always comes after an order of removal, whatever type of relief that is. And that's, I think that's something for the court to consider. Thank you. All right, thank you. Thank you both for your arguments this morning. They were very helpful, and this case is submitted. We're going to take a short recess before calling the next case. We should be back in five minutes.
judges: IKUTA, BADE, BRESS